BOOTH, Judge,
concurring in part and dissenting in part:
I would affirm both of appellant’s convictions and sentences. This court’s decision in Wheeler, supra, prohibits punishing a defendant for' both sale and possession with intent to sell “the same controlled substance in the same transaction.” (549 So.2d at 688). Appellee correctly states that the facts here fall outside the Wheeler prohibition since the evidence presented to the jury showed that appellant was in possession of more crack than he sold and that after the sale, appellant retained the larger piece of crack from which he cut the portion sold to the informant. The informant remembered the incident because of the size of the rock of cocaine involved. The following testimony was elicited at trial:
[Testimony of Jackson on direct examination]
Q. Okay. When he sold you a piece of rock cocaine, did he have anything left?
A. Yes, sir. He had a piece about that long and then about that thick (indicating).
Q. Okay. And how did he do it so that he gave you some of that?
*404 A. He took a — he had a little razor, and he took it and he cut me a piece off. [Testimony of Jackson on cross-examination]
Q. Now, the piece that was left over, you said that was half as big as his thumb, or your thumb?
A. My thumb.
Q. Okay. And the piece that you identified here today, that’s a small piece, right?
A. Yes, sir.
[Testimony of State’s expert witness on cross-examination]
Q. A piece of rock that was the size— we’ll say of the size of your thumb, how much would that weigh?
A. I would say approximately one and a half grams.
Q. Do you know how many sizes of rock like this would be in that larger piece?
A. I would say approximately fifteen.
Q. Fifteen?
A. Yes, sir.
On this evidence, the jury was entitled to find defendant guilty of Count II when he sold the smaller piece of crack to Jackson and that he violated Count I when, at the conclusion of that transaction, he retained the larger piece of crack with intent to sell.[2]
I would agree with appellee’s contention that the Legislature intends to punish separately each of the two evils involved in drug deals such as evidenced here: (1) possession of narcotics for sale, i.e., having a readily-available supply of drugs on hand, which facilitates the dealer’s ability to make a quick exchange and avoid detection; and (2) selling narcotics, thereby putting them into the stream of commerce to the great detriment of the user and of the public. Expansion of Wheeler into transactions such as this is unwarranted.

. Further, the jury heard the tape-recording of the drug transaction, wherein appellant told Jackson that he had other quantities of crack for sale. The substance of the recorded conversation is testified to by Jackson at the suppression hearing, during which the tape was held admissible (record pp. 55-57). The tape is not included in the record on appeal, and its admission is not an issue on appeal.